AMELIA FRANKLIN, complainant,

*v.*

ANNA C. CRETH et al., defendants.

[Determined June 25th, 1924.]

**Deeds—Restrictions—Part Now Under Consideration no Part of a General Plan of Improvement—Purely a Personal Covenant.**

On bill to quiet title. On final hearing.

*Mr. William Elmer Brown, Jr.,* for the complainant.

*Mr. Joseph Beck Tyler,* for the defendants.

INGERSOLL, V. C.

In 1906 the defendants, being the owners of certain lands and premises consisting of ten lots in Ocean City, conveyed one of said lots, lot No. 867, in section C, to one Sarah W. Liggett.

The said conveyance was made "subject to the restrictions of the Ocean City Association, and also the restriction that said lot hereby conveyed shall be used for no other purpose than a site for a private cottage costing not less than $4,000."

The said land was conveyed by Sarah W. Liggett and husband to Katharine Kenderdine, and by her and her husband conveyed to complainant, in each of which deeds the restrictive covenant was recited.

The remainder of said ten lots have been conveyed by the defendants to various grantees. In none of these conveyances was the clause concerning the use "for no other purpose than a site for a private cottage costing not less than $4,000" included.

The prayer of the bill is: "That it be decreed that the restrictive covenant quoted in the bill be declared to have no force or effect, invalid and unenforceable as against complainant's land, and that the same is clear and free from the operation thereof, and that complainant have such other remedy as may be agreeable to equity."

No attempt is made to consider the clause of the restriction "subject to the restrictions of the Ocean City Association."

There can be no doubt that that portion of the restriction now under consideration is not part of a general plan of improvement, and, therefore, a subsequent grantee of an adjoining lot is not entitled to enforce it. *Haines* v. *Einwachter, 55 Atl. Rep. 38.*

There can likewise be no doubt that the clause is a purely personal covenant, and the defendants having divested themselves of all the remaining land, have no further right to enforce the same.

Finding that the defendants have no right to enforce the covenant in question, I will advise a decree in accordance with this view.